# UNITED STATES COURT OF APPEALS

## DISTRICT OF COLUMBIA CIRCUIT

---

### DOCKET NO. 13-1136
### ORAL ARGUMENT IS NOT SCHEDULED

```
JOSEPH F. SHEBLE, III                :
        Appellant/Petitioner.        :
                                     :
                                     :
             V.                      :   PETITION FOR REVIEW
                                     :   OF AN ADMINISTRATIVE
                                     :   AGENCY ACTION
MICHAEL P. HUERTA,                   :
         Administrator.              :
UNITED STATES OF AMERICA             :
FEDERAL AVIATION ADMINISTRATION :   DOCKET NO. 13-1136
                                     :
             Respondent.             :
```

---

## OPENING BRIEF FOR THE APPELLANT
---

JOSEPH MICHAEL LAMONACA
Counsel for Appellant

PO Box 10583
Wilmington, DE 19850-0583
(610) 558-3376
(302) 221-2347 fax
JLamonaca@avlaw.us

## <u>CERTIFICATE AS TO PARTIES, RULINGS, AND RELATED CASES</u>

## <u>PURSUANT TO CIRCUIT RULE 28 (a)(1)</u>

(A) PARTIES AND AMICI:

1. Petitioner is Joseph F. Sheble, III,, represented by Joseph Michael Lamonaca, Esquire.

2. Respondents are the Federal Aviation Administration and Administrator Michael P. Huerta, represented by Bradley James Preamble, Esquire.

(B) RULINGS UNDER REVIEW:

FAA Denial letter dated February 15, 2013.

(C) RELATED CASES:

Counsel is unaware of any other related cases under review in this court or any other court.

# **TABLE OF CONTENTS**

TABLE OF AUTHORITIES.................................ii

STATEMENT OF SUBJECT MATTER & APPELLATE JURISDICTION..1

STANDARD AND SCOPE OF APPELLATE REVIEW...............2

STATEMENT OF ISSUES..................................3

STATUTES AND REGULATIONS.............................4

STATEMENT OF FACTS...................................5

SUMMARY OF ARGUMENT..................................8

STANDING.............................................10

ARGUMENT.............................................11

    1. Whether the Federal Aviation Administration erred in disregarding the Administration's internal procedures, orders, policy, rules, regulations, and guidance, to the substantial prejudice and detriment of Mr. Sheble, in failing to set forth with specificity the reasons for Mr. Sheble's DPE termination.............................11

    2. Whether the Federal Aviation Administration erred in disregarding the Administration's National Ethics Policy regarding conflict of interest avoidance and procedures, to the prejudice and detriment of Mr. Sheble...............................................16

CONCLUSION...........................................19

COMBINED CERTIFICATIONS..............................20

## TABLE OF AUTHORITIES[1]

PAGE :

Accardi v Shaughnessy, 347 U.S. 260(1954)...........15
American Farm Lines v. Black Ball Freight Service,
      397 U.S. 532 (1970).............................14
Vitarelli v. Seaton, 359 U.S. 535 (1959).........14,15
Webster v. Doe, 486 U.S. 592, (1988)...............14
*Doe V. United States Dept of Justice,
      753 F.2d 1092 (D.C. Cir. 1985)..................14
Lopez v. Federal Aviation Administration,
      318 F.3d 242, (2003)...........................15
Borden v. FAA,
      849 F.2d 319 (8th Cir.1988).....................2

STATUTES CITED:                          PAGE :

5 U.S.C. §§ 701-706.................................2
49 U.S.C. § 1153................................1,2,10
49 U.S.C. § 46110..............................1,2,10

REGULATIONS CITED:                       PAGE :

49 C.F.R. 821.64...............................1,2,10
FAA Order 8900.2..............................8,12,15
United States Department of Transportation Order 3750.7A,
      §§ 12(a)(8),12(a)(14) and 12(a)(14)(c).......9,17

---

[1]Authorities upon which we chiefly rely are marked with an asterisk.

## **ORAL ARGUMENT IS NOT SCHEDULED**

## **STATEMENT OF SUBJECT MATTER & APPELLATE JURISDICTION**

This matter is a Petition for Review of an Administrative Agency Final Order pursuant to 49 C.F.R. § 821.64 as provided in 49 U.S.C. §§ 1153 and 46110.

The Appellate Jurisdiction of this Honorable Court to hear and decide the Final Order FAA Denial letter dated February 15, 2013 is conferred herein pursuant to 49 C.F.R. Part 821.64 as provided in 49 U.S.C. §§ 1153 and 46110.

Finally, a timely Petition for Review of an Administrative Agency Action was filed with this Honorable Court on April 16, 2013.

## **STANDARD AND SCOPE OF APPELLATE REVIEW**

This matter is an Petition for Review of an Administrative Agency Final Order pursuant to 49 C.F.R. § 821.64 as provided in 49 U.S.C. §§ 1153 and 46110.

Judicial Review in this case is subject to the standard of review set forth in the Administrative Procedures Act, 5 U.S.C. §§ 701-706. The Administrative Procedures Act asks whether the agency's actions were "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with the law", 5 U.S.C. § 706(2)(A). Further as set forth in <u>Borden v. FAA</u>, 849 F.2d 319 (8th Cir.1988) the scope of judicial review of factual findings is whether they are supported by substantial evidence on the record as a whole.

## <u>STATEMENT OF ISSUES</u>

1. Whether the Federal Aviation Administration erred in disregarding the Administration's internal procedures, orders, policy, rules, regulations, and guidance, to the substantial prejudice and detriment of Mr. Sheble, in failing to set forth with specificity the reasons for Mr. Sheble's DPE termination.

<u>Suggested answer</u>: Yes.

2. Whether the Federal Aviation Administration erred in disregarding the Administration's National Ethics Policy regarding conflict of interest avoidance and procedures, to the prejudice and detriment of Mr. Sheble.

<u>Suggested answer</u>: Yes.

## <u>STATUTES AND REGULATIONS</u>

See attached addendum.

## STATEMENT OF FACTS

1. Mr. Sheble has been flying for over 27 years, has no accidents, no incidents, no enforcement actions, and has accrued nearly 13,000 flight hours, of which 3000 hours are in sea planes.

2. Mr. Sheble is an ATP, type rated in numerous aircraft, holds a Commercial Helicopter Certificate, Glider Instructor Certificate, and A&P Mechanic Certificate.

3. Mr. Sheble is well respected in the aviation community, as is his company, Sheble Aviation, and Mr. Sheble has dedicated his life to aviation.

4. Mr. Sheble has no criminal history, and has never been involved in any criminal activity in his entire life.

5. Mr. Sheble was a Designated Pilot Examiner, (DPE) until December 21, 2012. Joint Appendix A32 - A35.

6. Mr. Sheble filed a timely Appeal of the December 21st, 2012 DPE Termination Letter, on January 14, 2013. Joint Appendix A36 - A44.

7. That the Appeal was amended by Mr. Sheble on January 17, 2013 to include a letter from retired FAA Safety Inspector William Tubbs dated January 16, 2013, regarding Mr. Sheble's professional and proficient performance of his DPE duties. Joint Appendix A45 - A47.

8. That at all times Mr. Sheble included all elements of the FAA Practical Test Standards while exercising his DPE duties and privileges.

9. That at all times Mr. Sheble conducted his testing beyond the rote level while exercising his DPE duties and privileges.

10. That at all times Mr. Sheble used appropriate and applicable PTS tasks when evaluating applicants while exercising his DPE duties and privileges.

11. That at all times Mr. Sheble included Pretest briefing items while exercising his DPE duties and privileges.

12. That at no time did Mr. Sheble accept from applicants answers that were incorrect, without objection or further testing.

13. That there was a negative history between Michelle Brown's fiancee Inspector Randall Prine and Mr. Sheble dating back to 2000.

## SUMMARY OF ARGUMENT

The first issue for appellate review involves the Administrator failing to follow its own Order. FAA Order 8900.2, Chapter 4, Paragraph 3, states as follows, "The FAA office manager's decision regarding termination of a designation will be provided to the designee in writing, and the reasons cited will be as specific as possible". (Emphasis added.)

In addressing the termination of his DPE, Mr. Sheble had an absolute right to know exactly what he was being accused of in writing, and what the specific concerns were, which respectfully the Administrator's termination letter fails to set forth with any specificity. As such, Mr. Sheble was unable to specifically address the Administrator's concerns due to the vague nature of the allegations set forth in the Administrator's December 21st, 2012 DPE termination letter.

The second issue for appellate review involves the negative history between Michelle Brown's then fiancee Inspector Randall Prine, and Mr. Sheble, dating back to 2000. During the November 2012 investigation of DPE Sheble, Inspector Michelle Brown was assigned the matter. Pursuant to <u>United States Department of Transportation Order 3750.7A</u>[2], specifically Sections 12(a)(8),12(a)(14) and 12(a)(14)(c), the appearance of impropriety or a conflict of interest shall be avoided.  The negative history between Michelle Brown's then fiancee Inspector Randall Prine and Mr. Sheble is more than just an appearance of impropriety, it is a clear conflict of interest.

_____

[2] Effective Date 10/14/11.

## **<u>STANDING</u>**

Appellant has standing in this Petition for Review as a Petitioning Appellant and Party in an Administrative Agency Action pursuant to 49 C.F.R. Part 821.64, as provided in 49 U.S.C. §§ 1153 and 46110.

## **ARGUMENT**

**1) That the Federal Aviation Administration erred in disregarding the Administration's internal procedures, orders, policy, rules, regulations, and guidance, to the substantial prejudice and detriment of Mr. Sheble, in failing to set forth with specificity the reasons for Mr. Sheble's DPE termination.**

As a preamble to the argument, Mr. Sheble has been flying for over 27 years, has no accidents, no incidents, no enforcement actions, and has accrued nearly 13,000 flight hours, of which 3000 hours are in sea planes. Mr. Sheble is an ATP, type rated in numerous aircraft, holds a Commercial Helicopter Certificate, Glider Instructor Certificate, and A&P Mechanic Certificate. Mr. Sheble is well respected in the aviation community[3] as is his company, Sheble Aviation, and has dedicated his life to aviation. His DPE experience is invaluable to the aviation community, and as one of the only sea plane DPEs in the region, his services are crucial to the aviation community, and the airmen he proudly serves.

---

[3] Further having no criminal history in his entire life.

The DPE termination letter of the Administrator dated December 21ˢᵗ, 2012 denotes five areas of concern, and states that Mr. Sheble may include evidence and/or statements concerning this matter. Joint Appendix A32-A35. However, all five of the areas set forth in the letter are critically vague and general, and fail to set forth with any specificity the reasons or areas of concern, leaving Mr. Sheble uninformed as to what was found unsatisfactory, and also making a comprehensive response to each of the elements in the letter not possible.  FAA Order 8900.2, Chapter 4, Paragraph 3, states as follows, "**The FAA office manager's decision regarding termination of a designation will be provided to the designee in writing, and the reasons cited will be as specific as possible**". (Emphasis added.)

Item one mentions that PTS elements were omitted during testing but fails to state with specificity what PTS Standards were omitted. Item two mentions in a very vague sentence that testing was not conducted beyond the

"rote level" with no further explanation. Item three states "Numerous PTS tasks used in evaluating the applicant were not applicable to the practical test being administered" without any specific items set forth for Mr. Sheble to comment upon. Item 4 is the most vague of the enumerated items stating only that "Pretest briefing items were omitted" without setting forth with any specificity the reasons or areas of concern. Finally, item five states that incorrect answers were accepted without objection or further testing, without setting forth what incorrect answers were "accepted".

In addressing the termination of his DPE, Mr. Sheble had an absolute right to know exactly what he was being accused of, and what the <u>specific</u> concerns were, in writing, which respectfully the Administrator's termination letter fails to set forth. As such, Mr. Sheble was unable to specifically address the Administrator's concerns due to the vague nature of the allegations set forth in the Administrator's December 21st, 2012 DPE termination letter.

-13-

Courts have generally required an agency to follow its own regulations, <u>Webster v. Doe</u>, 486 U.S. 592, (1988), and <u>Doe V. United States Dept of Justice</u>, 753 F.2d 1092 (D.C. Cir. 1985), which court held to abide by internal procedural regulations even when those regulations provide more protection than the Constitution or relevant civil service laws. Further, the action of the Administrator in not following its own order did result in prejudice to Mr. Sheble's ability to defend himself, <u>American Farm Lines v. Black Ball Freight Service</u>, 397 U.S. 532 (1970). Further, the <u>American Farm Lines</u> court held that the regulations were unreviewable absent a showing of substantial prejudice by the complaining party. On the other hand, had the agencies rules been "intended primarily to confer important procedural benefits upon individuals in the fact of unfettered discretion as in <u>Vitarelli v. Seaton</u>, 359 U.S. 535 (1959)" or had the agency failed to exercise independent discretion required by the rule, the court indicated the case would be "exempt" from the general principle that an administrative agency may "relax or

-14-

modify its procedural rules adopted for the orderly transaction of business...when...the ends of justice require it." *Id.* at 539, citing <u>Accardi v Shaughnessy</u>, 347 U.S. 260(1954).

In the instant matter the Administrator failed to follow his own strict rules and order, and made vague accusations against Mr. Sheble. FAA Order 8900.2, Chapter 4, Paragraph 3, states as follows, "The FAA office manager's decision regarding termination of a designation will be provided to the designee in writing, and the reasons cited will be **as specific as possible**." (Emphasis added.) The reasons cited in the Administrator's December 21st, 2012 DPE termination letter were vague and left Mr. Sheble at a severe disadvantage in defending against his dismissal, <u>Vitarelli v. Seaton</u>, 359 U.S. 535 (1959). FAA Order 8900.2, Chapter 4, Paragraph 3, was aimed at protecting Mr. Sheble from the Administrator's otherwise unlimited discretion, <u>Lopez v. Federal Aviation Administration</u>, 318 F.3d 242, (2003).

**2) Whether the Federal Aviation Administration erred in disregarding the Administration's National Ethics Policy regarding conflict of interest avoidance and procedures, to the prejudice and detriment of Mr. Sheble.**

In approximately 2000, Michelle R. Brown and Mr. Sheble were both DPEs in the Scottsdale, Arizona, FSDO. Thereafter, for approximately two years beginning in 2000, Sheble Aviation had many problems with Inspector Randall T. Prine, a PMI from the Scottsdale Arizona FSDO. Inspector Prine accused Sheble Aviation of being a "ticket mill", and according to Mr. Sheble he was doing all possible to revoke Mr. Sheble's DPE.

In this same time period, Michelle R. Brown left the private sector and became employed with the Federal Aviation Administration as an Inspector, and became employed with AWP-230, Western Pacific Region. Thereafter, Inspector Brown left the Scottsdale FSDO and became employed by the FAA Western Region. About this time, it became known to Mr. Sheble that Inspectors Michelle Brown and Randall Prine were engaged, and had been traveling extensively together. During the November

-16-

26th, 2012 inspection, Inspector Brown used the exact same verbiage that her fiancee Randall Prine had used some years ago, that Mr. Sheble was running a "ticket mill", while she was doing the inspection and investigation of DPE Sheble.

It is clear that of all the FAA Regional personnel that could have done the subject inspection, the choice of Inspector Michelle Brown creates a clear appearance of impropriety in direct violation of the <u>United States Department of Transportation Order 3750.7A</u>[4], specifically Sections 12(a)(8),12(a)(14) and 12(a)(14)(c). The negative history between Michelle Brown's then fiancee Inspector Randall Prine and Mr. Sheble is more than just an appearance of impropriety, it is a clear conflict of interest.

Two other Inspectors were present during the November 26, 2012 inspection, and had nothing negative to say about Mr. Sheble. Finally, if Mr. Sheble was so

---

[4] Effective Date 10/14/11.

-17-

unsatisfactory in all of his testing activities, and during the pretest briefing of the Applicant on November 26, 2012, then the Inspectors present, including Michelle Brown, should have terminated the application process. As FAA Inspectors, they all had an affirmative duty to the Applicant at the time they witnessed this, instead of allowing Mr. Sheble to fail the Applicant.

As to this issue, presented to the Administrator by Mr. Sheble in his January 16, 2013 FSDO Appeal Response letter, Joint Appendix A39-A44, the Administrator failed to address same in any fashion.

## **CONCLUSION**

For the foregoing reasons Petitioner Joseph F. Sheble, III, respectfully requests this Honorable Appellate Court reverse the Administrator's Denial of Appeal of DPE Termination dated February 15, 2013, and thereafter reinstate Petitioner Sheble as a DPE.

Respectfully Submitted:

```
/s/Joseph Michael Lamonaca
Counsel for Appellant
PO Box 10583
Wilmington, DE 19805
(610) 558-3376 office
(302) 221-2347 facsimile
jlamonaca@avlaw.us
```

## <u>COMBINED CERTIFICATIONS</u>

1) I hereby certify that I am a member in good standing with the Bar of the Court, having been admitted on May 14, 1991;

2) I certify that this brief complies with the type-volume limitation of Fed. R. App. P. 32(a)(7)(B) because this brief contains 2844 number of words, excluding the parts of the brief exempted by Fed. R. App. P. 32(a)(7)(B)(iii), and this brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because this brief has been prepared in a monospaced typeface using WordPerfect12 in 14-Point Font in Courier New Style;

3) I certify that I, Joseph Michael Lamonaca, Esquire do hereby certify that I am this 12th day of September 2013 serving the foregoing BRIEF FOR APPELLANT upon the following persons and in the following manner:


**FEDERAL EXPRESS and ECF:**

Bradley James Preamble, Esquire
Federal Aviation Administration
Office of Chief Counsel
800 Independence Avenue, S.W.
Washington, D.C. 20591


/s/Joseph Michael Lamonaca
Counsel for Appellant
PO Box 10583
Wilmington, DE 19805
(610) 558-3376 office
(302) 221-2347 facsimile
jlamonaca@avlaw.us

## <u>CERTIFICATE OF SERVICE</u>

I, Joseph Michael Lamonaca, Esquire, do hereby certify that I am this 12th day of September, 2013 serving the following persons with a true and correct copy of the attached BRIEF FOR THE PETITIONER via ECF.

**<u>AND FEDERAL EXPRESS:</u>**

Bradley James Preamble, Esquire
Federal Aviation Administration
Office of Chief Counsel
800 Independence Avenue, S.W.
Washington, D.C. 20591
**brad.preamble@faa.gov**

/s/Joseph Michael Lamonaca
Counsel for Appellant
PO Box 10583
Wilmington, DE 19805
(610) 558-3376 office
(302) 221-2347 facsimile
jlamonaca@avlaw.us